**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL JURY DIVISION – LEXINGTON DOCKET**

| | |
|---|---|
| **CHRISTOPHER SULLIVAN, On Behalf of Himself and All Others Similarly Situated,**       *Plaintiff*, <br><br> v. <br><br> **DJGN LEXINGTON, LLC d/b/a TONY'S STEAKS & SEAFOOD,**       *Defendant*. | **CLASS AND COLLECTIVE ACTION** <br><br> **CASE NO. _____** <br><br> **JUDGE _____** <br><br> **JURY DEMAND** |

## I. INTRODUCTION

1. Plaintiff Christopher Sullivan ("Plaintiff") brings this action against Defendant DJGN Lexington, LLC d/b/a Tony's Steaks & Seafood ("Defendant") to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and under the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq.* Plaintiff asserts his FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b), and his KWHA claims as a class action, pursuant to Fed. R. Civ. P. 23.

2. Defendant pays tipped employees a tipped hourly wage less than the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and relies on the "tip credit" provisions of the FLSA and KWHA to satisfy its statutory minimum wage obligations. However, Defendant also requires employees to participate in a tip pooling arrangement that violates both the FLSA and the KWHA.

3. Defendant violates the FLSA because it unlawfully requires tipped employees to share tips with their employer and members of management, in violation of 29 U.S.C.

1

§ 203(m)(2)(B), which states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips . . . ." As a result of this violation, Defendant is not permitted to rely on the tip credit to satisfy its minimum wage and overtime obligations under the FLSA and has failed to pay the required minimum wage, pursuant to 29 U.S.C. § 206, and overtime wage, pursuant to 29 U.S.C. § 207. Defendant has also unlawfully retained these tips in violation of the express terms of 29 U.S.C. § 203(m)(2)(B). Plaintiff and those he seeks to represent are therefore entitled to recover the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and all unlawfully retained tips, liquidated damages, and all attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff asserts these FLSA claims as a collective action, on behalf of himself and all others similarly situated, pursuant to pursuant to 29 U.S.C. § 216(b).

4. Defendant violates the KWHA because it unlawfully required tipped employees to participate in a tip pool whereby they are required to remit their tips to the pool for distribution among employees of the employer, including remitting portions of their tips to supervisors and members of management, in violation of KRS 337.065, which prohibits an employer from "require[ing] an employee to participate in a tip pool whereby the employee is required to remit to the pool any gratuity, or any portion thereof, for distribution among employees of the employer" and from "requiring an employee to remit to the employer any gratuity, or any portion thereof . . . ." By violating KRS 337.065, Defendant is not permitted to rely on the tip credit to satisfy its minimum wage and overtime obligations under the KWHA and has failed to pay the required minimum wage, pursuant to KRS 337.275, and overtime wage, pursuant to KRS 337.285. Plaintiff and those he seeks to represent are therefore entitled to recover the statutory

$7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek), liquidated damages, and all attorneys' fees and costs. KRS 337.385. Plaintiff asserts these KWHA claims as a class action, on behalf of himself and all others similarly situated, pursuant to Fed. R. Civ. P. 23.

## II.  PARTIES

**A.     Plaintiff**

5.     Plaintiff Sullivan is a resident of Lexington, Fayette County, Kentucky.

6.     Defendant employed Plaintiff at its Tony's Steaks & Seafood restaurant in Lexington, Kentucky from approximately February 2015 through May 2021.

7.     During his employment, Plaintiff worked primarily as a server and, eventually, head server, receiving hourly wages less than $7.25 per hour plus tips. Plaintiff also worked as a shift manager on a few occasions beginning in approximately 2018.

**B.     Defendant**

8.     Defendant DJGN Lexington, LLC is a Kentucky limited liability company doing business within this judicial district as Tony's Steaks & Seafoods.

9.     Defendant is headquartered at 401 West Main St., Ste. 102, Lexington, KY, 40507.

10.     Defendant's registered agent is Thomas R. Yocum, who can be served at 55 Elsmar Ave., Ft. Thomas, KY, 41075.

11.     Defendant has at all relevant times been an employer within the meaning of the FLSA.

12.     Defendant has at all relevant times been an employer within the meaning of the KWHA.

## III. FACTS

13. Plaintiff and those he seeks to represent in this action are current and former employees of Defendant at its Tony's Steaks & Seafood restaurant ("Tony's") in Lexington, Kentucky, who earned less than $7.25 per hour and received customer tips ("Tipped Employees").

14. Defendant pays Plaintiff and other Tipped Employees an hourly wage below $7.25.

15. Defendant purports to utilize a tip credit for each hour worked by Plaintiff and other Tipped Employees to comply with the FLSA's and KWHA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour). *See* 29 U.S.C. §§ 203(m), 206, and 207; KRS 337.275 and 337.285.

16. Defendant has a policy and practice of requiring Plaintiff and other Tipped Employees to contribute a portion of the tips they receive from customers to a tip pool that is distributed to other employees.

17. The individuals who receive a portion of the tip pool include supervisors and members of management.

18. Remitting tips to other employees, including management, is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

19. Defendant knew or should have known that its compensation practices and policies for Tipped Employees violates the FLSA and KWHA.

## IV. COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former Tipped Employees (as defined herein) of Defendant at its Lexington, Kentucky restaurant at any time since March 15, 2019.

(the "Collective Class").

21. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the collective class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V.  CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tipped Employees (as defined herein) of Defendant at its Lexington, Kentucky restaurant at any time since March 15, 2017.[1]

(the "Rule 23 Class").

23. Plaintiff is a member of the Rule 23 Class he seeks to represent.

24. Defendant has employed dozens of individuals as Tipped Employees at its Lexington, Kentucky, restaurant. Thus, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

25. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendant requires Tipped Employees to remit tips to a tip pool from which proceeds are shared with other employees; and (2) whether Defendant requires Tipped

---

[1] The statute of limitations under the KWHA is five years. KRS 413.120(2).

Employees to remit tips to their employer.

26. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendant's violation of the minimum wage, overtime wage, and other requirements of the KWHA is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendant's common pay policies and practices, which Defendant applied generally to all its Tipped Employees, including Plaintiff. Thus, in advancing his own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

27. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

28. By failing to pay Tipped Employees all required minimum and overtime wages pursuant to its common pay practices and policies, Defendant has created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

29. All previous paragraphs are incorporated as though fully set forth herein.

30. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

31. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

32. Defendant is an employer covered by the FLSA.

33. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

34. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

35. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

36. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

37. Here, by unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

38. As such, Defendant has violated the FLSA by failing to pay Plaintiff and the members of the Collective Class for all time worked at $7.25 per hour.

39. Plaintiff and members of the Collective Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

40. In violating the FLSA, Defendant has acted willfully and with reckless disregard

of clearly applicable FLSA provisions.

## COUNT II:
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

41. All previous paragraphs are incorporated as though fully set forth herein.

42. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

43. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

44. Defendant is an employer covered by the FLSA.

45. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

46. Plaintiff and members of the Collective Class employed by Defendant have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

47. While employers may utilize a tip credit to satisfy their overtime obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

48. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

49. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

50. Here, by unlawfully keeping employees' tips and permitting management and

supervisors to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying its overtime obligations.

51. As such, Defendant has violated the FLSA by failing to pay Plaintiff and members of the Collective Class for all time worked in excess of 40 hours in a workweek at $10.88 per hour.

52. Plaintiff and members of the Collective Class are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

53. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III:
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

56. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

57. Defendant is an employer covered by the FLSA.

58. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

59. Defendant has violated this provision by keeping tips received by Plaintiff and members of the Collective Class and by allowing managers and supervisors to keep a portion of those tips.

60. Plaintiff and members of the Collective Class are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

61. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT IV:
## VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE KWHA

62. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

63. Plaintiff and the Rule 23 Class are employees entitled to the KWHA's protections.

64. Defendant is an employer covered by the KWHA.

65. The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour worked. KRS 337.275.

66. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* KRS 337.010(2)(d), 337.275(2); 803 KAR 1:080 § 3.

67. The KWHA prohibits employers from requiring employees to remit all or a portion of their tips to the employer (*i.e.*, requirements that employees share tips with the employer) and from requiring employees to participate in a tip pool in which they must remit all or a portion their tips for distribution among other employees (*i.e.*, mandatory tip pools). KRS 337.065.

68. Restaurants forfeit the tip credit when they require their tipped employees—such as Tony's Tipped Employees—to share tips with the employer or any other restaurant

employees. *See* KRS 337.275(2); 803 KAR 1:080 § 3.

69. By requiring Plaintiff and the Rule 23 Class to share tips with other employees, including salaried members of management who meet the definition of employer under the KWHA, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and the Rule 23 Class.

70. As such, Defendant has violated the KWHA's minimum wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $7.25 for regular hours worked.

71. Plaintiff and members of the Rule 23 Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

72. In violating the KWHA, Defendant has acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## COUNT V:
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE KWHA

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

75. Plaintiff and the Rule 23 Class are employees entitled to the KWHA's protections.

76. Defendant is an employer covered by the KWHA.

77. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

78. Employers may take a tip credit and pay tipped employees a lower tipped

minimum hourly rate, so long as employees receive at least $10.88 per hour—*i.e.*, one and one-half times the full $7.25 per hour statutory minimum wage for every hour worked. *See* KRS 337.285; 803 KAR 1:080 § 3.

79. Defendant pays Plaintiff and the Rule 23 Class a lower tipped hourly rate and Defendant relies on their tips to meet the overtime requirements pursuant to the tip credit provision of the KWHA.

80. Plaintiff and the Rule 23 Class employed by Defendant have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

81. While restaurants may utilize a tip credit to satisfy their overtime wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* KRS 337.010(2)(d), 337.285; 803 KAR 1:080 § 3.

82. The KWHA prohibits employers from requiring employees to remit all or a portion of their tips to the employer (*i.e.*, requirements that employees share tips with the employer) and from requiring employees to participate in a tip pool in which they must remit all or a portion their tips for distribution among other employees (*i.e.*, mandatory tip pools). KRS 337.065.

83. Restaurants forfeit the tip credit when they require their tipped employees—such as Tony's Tipped Employees—to share tips with the employer or any other restaurant employees. *See* KRS 337.275(2); 803 KAR 1:080 § 3.

84. By requiring Plaintiff and the Rule 23 Class to share tips with other employees, including salaried members of management who meet the definition of employer under the KWHA, Defendant has forfeited its right to utilize the tip credit in satisfying its overtime wage obligations to Plaintiff and the Rule 23 Class.

85. As such, Defendant has violated the KWHA's overtime wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $10.88 for overtime hours worked.

86. Plaintiff and members of the Rule 23 Class are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

87. In violating the KWHA, Defendant has acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order permitting this litigation to proceed as a class action pursuant to the KWHA and Fed. R. Civ. P. 23;

C. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to members of the Collective Class;

D. Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class;

E. A finding that Defendant has violated the FLSA and KWHA;

F. A finding that Defendant's FLSA and KWHA violations are willful and not in good faith;

G. A judgment against Defendant and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages and tips that Defendant has

failed and refused to pay in violation of the FLSA and KWHA;

H. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

I. Liquidated damages to the fullest extent permitted under the FLSA and KWHA;

J. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, KWHA, and the Federal Rules of Civil Procedure; and,

K. Such other and further relief as this Court deems just and proper in equity and under the law.

## VIII.  JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: March 15, 2022

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
**JOSHUA A. FRANK (TN Bar No. 33294) \***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*\* Pro Hac Vice to be applied for*

*Attorneys for Plaintiff*